[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12653
Non-Argument Calendar

_____

Agency Nos. A98-736-504 & A98-736-505

MARIA EUGENIA COLIMODIO DE VALDERRAMA,
AARON ALI VALDERRAMA ALVAREZ,
EDUARDO AARON VALDERRAMA COLIMODIO,
JUAN ANDRES VALDERRAMA COLIMODIO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 30, 2008)**

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Maria Eugenia Colimodio De Valderrama,[1] is a native and citizen of Venezuela. She entered the United States in July 2002, with permission to remain in the United States for six months. She failed to leave, and on April 18, 2005, she filed an application for asylum. On May 25, 2005, the Department of Homeland Security ("DHS") initiated removal proceedings, and on September 13, 2005, Petitioner appeared before an Immigration Judge ("IJ") and conceded that she was removable.

On August 2, 2006, the IJ heard her application for asylum and her applications for withholding of removal under the Immigration and Nationality Act ("INA") and relief under the U. N. Convention Against Torture ("CAT"). Petitioner testified that she belonged to a political party, Accion Democratica, in Venezuela. The party opposed the government of President Hugo Chavez, chiefly in party assemblies and marches. She participated in approximately ten of these marches in February and March of 2002, during which she "expressed loudly that [she] did not want Chavez in power." The Chavistas were part of Chavez's government. Because she was involved with Accion Democratica and her step-mother was mayor of San Cristobal,Venezuela, and a cousin of ex-president

---

[1]This petition includes three other members of Valderrama's family, Aaron Ali Valderrama, Juan Aldez Valderrama, and Eduardo Ramon Valderrama. Maria Valderrama is the lead petitioner. The three other members of her family have adopted her positions and arguments. We therefore refer only to Petitioner Maria Valderrama in this opinion.

Carlos Andres Perez, the Chavistas targeted her and, she believed, would kill her if she were returned to Venezuela. She based her belief on the following: (1) 13 to 20 anonymous telephone calls she received from the Chavistas, beginning in January 2002. The callers threatened to harm her husband and children if she did not stop opposing Hugo Chavez; (2) in April 2002, during a protest march involving nearly a million protesters, she was attacked by the Chavistas (she recognized them from the red berets they wore), grabbed by the arm, thrown to the ground and kicked.[2] She was hospitalized for two days as a result; and (3) on July 7, 2002, two masked men on motorcycles fired shots at her car and fled. The men were Chavistas because they were wearing red berets.

Petitioner reported none of these events – the phone calls, the attack in Mira Flores, or the shooting – to the police.

The IJ issued an oral decision at the conclusion of the hearing. Addressing Petitioner's asylum application, the IJ concluded that Petitioner "failed to establish that her delay in filing [the application] was due to extraordinary circumstances beyond her control or due to changed circumstances which materially affect her eligibility for asylum." He therefore held the application time-barred. Turning to her application for withholding of removal, the IJ concluded that she "failed to

_____

[2] On cross-examination, she said that during the march fighting broke out between different political parties and that over 100 people were injured.

establish a clear probability that [she would] be persecuted on account of a protected group upon . . . return to Venezuela." That is, she failed to submit any evidence to corroborate her claim that she was an "active participant" of Accion Democratica aside from a registration list. Additionally, she failed to submit medical records to document the injury she said she received in the April 2002 demonstration. Due to the lack of corroborative evidence, the IJ found that Petitioner failed to establish it was more likely than not her life or freedom would be threatened on account of a protected ground if she were returned to Venezuela. The attack she suffered during the April 2002 protest march did not amount to past persecution. Neither did the July 7, 2002 shooting incident; it appeared to be nothing more than a random criminal act. As for CAT relief, the IJ noted that "[t]here [was] no reason to believe that a low-level opponent of Hugo Chavez would be singled out for torture by the Venezuelan government. After announcing his findings and conclusions, the IJ ordered Petitioner removed to Venezuela.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). Petitioner challenged the IJ's asylum and withholding of removal rulings; she did not contest the IJ's denial of CAT relief. On April 14, 2008, the BIA issued its decision. It dismissed the appeal of the asylum ruling because Petitioner did not contest the IJ's finding that her asylum application was time-

barred in that she failed to establish extraordinary circumstances for not meeting the one-year deadline for seeking asylum after entering the United States. See INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). The BIA upheld the IJ's denial of withholding of removal and CAT relief on the grounds that the incidents Petitioner cited as past persecution (at the hands of the Chavistas) were insufficient to make such showing, and that she failed to establish that she is likely to be tortured if returned to Venezuela. Petitioner now petitions this court for review of the BIA's decision.

In her petition, she argues that: (1) the BIA's opinion did not disturb the IJ's finding that she was credible, and (2) the incidents that she described in her testimony established past persecution "based on a protected ground of political opinion." She also contends that the IJ failed to take into account a Country Report detailing various human rights abuses in Venezuela.

The BIA's decision did not expressly adopt the IJ's decision. Our review is therefore limited to the BIA's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review only the BIA's decision; but, to the extent that the BIA adopts the IJ's reasoning, we will review the IJ's decision as well).

As noted above, the BIA agreed with the IJ that Petitioner's asylum application was time-barred and thus affirmed the denial of asylum. We lack

5

jurisdiction to review that ruling.  Mendoza v. U. S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).  We also lack jurisdiction to review the denial of CAT relief, even though the BIA reviewed it, because Petitioner did not challenge the IJ's CAT decision in her appeal to the BIA.  Amaya-Artunduaga v. U. S. Att'y Gen., 463 F.3d 1247 1250 (11th Cir. 2006).  What remains for our decision, then, is the BIA's denial of withholding of removal.

"An alien seeking withholding of removal under the INA must show that [her] life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion."  Mendoza, 327 F.3d at 1287 (citing 8 U.S.C. § 1231(b)(3)(A)).  The alien "bears the burden of demonstrating that [she] more-likely-than-not would be persecuted or tortured upon [her] return to the country in question."  Mendoza, 327 F.3d at 1287.  This burden of proof can be satisfied through credible testimony by the alien.  Id.  "If the alien establishes past persecution in [her] country based on a protected ground," a rebuttable presumption is created that the alien's "life or freedom would be threatened upon return to [her] country."  Id.  "An alien who has not shown past persecution, though, may still be entitled to withholding of removal if [she] can demonstrate a future threat to [her] life or freedom on a protected ground in [her] country."  Id.

In Silva v. United States Att'y Gen., 448 F.3d 1229, 1234 (11th Cir. 2006),

6

an alien sought asylum after: (1) receiving a written death threat while working on a political campaign; (2) receiving repeated anonymous telephone threats; (3) being fired at by unidentified men on motorcycles; and then (4) receiving subsequent telephone threats that referenced the motorcycle shooting. We found that, due to the anonymous nature of the telephone threats and the shooting, we could not determine whether these events occurred on account of the alien's political opinion. Id. at 1237-39. We then determined that the only event that was linked to the alien's political opinion was the political campaign threat. Id. at 1237

We conclude, after careful examination of the record, that substantial evidence supports the BIA's conclusion that Petitioner failed to demonstrate that she had been persecuted, or would be persecuted if removed, on account of her political opinion, specifically her activity with Accion Democratica.

PETITION DENIED.